■ In the Matter of AISHA RENEE W., a Child Alleged to be Neglected. LOUISE WISE SERVICES, Respondent; OZRO P., Appellant.—Order, Supreme Court, New York County (Felice Shea, J.), entered on or about January 20, 1989 (upon order of referral, Fam Ct, NY County, Judith Sheindlin, J., Aug. 11, 1988), which terminated the parental rights of the natural parents to their child, Aisha Renee W., based upon a factfinding determination of permanent neglect, unanimously affirmed, without costs.

This appeal is taken only by the respondent father.

In January of 1986, respondent mother voluntarily placed Aisha, then three months old, in foster care. Over the course of the next 22 months, petitioner Louise Wise Services, an authorized placement agency, arranged a regular visitation schedule between Aisha and her natural parents to encourage them to plan realistically for Aisha's future; urged the father to seek treatment and counseling for his 17-year-long drug use and his propensity towards physical abuse; offered the father referrals to rehabilitation programs and psychiatric treatment; and offered a trial discharge which was aborted as a result of the father's failure to abide by an agreement entered into with the agency, requiring him to, *inter alia,* successfully complete a drug rehabilitation program and seek counseling for his behavioral problems, which included sexual abuse.

Although the respondent father had some contact with their child, the permanent neglect petition here was based on the failure to plan for the child's future. The record supports the conclusion that the parents failed to properly and realistically plan for Aisha's return, although physically and financially capable of doing so. Both parents reverted to drug use and temporarily lived in shelters while Aisha was in foster care. Moreover, the only realistic support system identified by the

respondent father was that of his sister. However, his sister informed caseworkers of her reluctance to support her brother, asserting that he had sexually abused her two daughters.

In view of the record, the court properly found there was clear and convincing evidence that the natural parents had failed, for more than one year, to formulate a feasible and realistic plan to assume the care of the child, despite the agency's diligent efforts to encourage and strengthen the parental relationship *(Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368). Additionally, it is noted that the agency is not a guarantor of an uncooperative parent's success in overcoming predicaments *(see, Matter of Sheila G.,* 61 NY2d, *supra,* at 385).

The evidence adduced at the dispositional hearing amply supports the court's determination that the natural parents are not able to assume the care of the child and, therefore, that the child's best interests are served by a termination of parental rights, thus freeing the child for adoption by the foster parents (Social Services Law § 384-b [1]; *Matter of Gregory B.,* 74 NY2d 77, 90). Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.